UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY C. GANT-HOLMES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 18-cv-12264

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION [#17], ADOPTING THE JUNE 4, 2019 REPORT AND RECOMMENDATION [#16], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#14], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#12]**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Mary C. Gant-Holmes and Defendant Commissioner of Social Security's Cross-Motions for Summary Judgment. Dkt. No. 12; Dkt. No. 14. Previously, Defendant denied Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). In turn, Plaintiff initiated the instant action pursuant to 42 U.S.C. § 405(g) challenging the Commissioner's decision.

The Court referred the parties' Motions for Summary Judgment to Magistrate Judge David R. Grand, who issued a Report and Recommendation Granting Defendant's Motion and Denying Plaintiff's Motion. Dkt. No. 16. Plaintiff has now filed an Objection to that Report and Recommendation. Dkt. No. 17.

Present before the Court is Plaintiff's Objection to Magistrate Judge Grand's June 4, 2019 Report and Recommendation. *Id.* For the reasons set forth below, the Court will Overrule Plaintiff's Objection [#17], Adopt Magistrate Judge Grand's Report and Recommendation [#16], Grant Defendant's Motion for Summary Judgment [#14], and Deny Plaintiff's Motion for Summary Judgment [#12].

## II. BACKGROUND

Magistrate Judge Grand's Report and Recommendation set forth the relevant background in this case. The Court will adopt those findings here:

> Gant-Holmes was 59 years old at the time of her alleged onset date of July 15, 2013, and at 5'6" tall weighed approximately 196 pounds during the relevant time period. She received her GED in 1990. She reported previous work as a babysitter, cashier, factory assembler, factory utility worker, and resident care in a nursing facility. She now alleges disability primarily as a result of spinal stenosis with chronic back pain, uncontrolled type II diabetes, depression, and hypertension.
>
> After Gant-Holmes's applications for DIB and SSI were denied at the initial level on November 18, 2015, she timely requested an administrative hearing, which was held on June 2, 2017 before ALJ Thomas L. Walters. Gant-Holmes, who was represented by attorney Samuel Earley, testified at the

hearing, as did vocational expert Heather Benton. On August 21, 2017, the ALJ issued a written decision finding that Gant-Holmes is not disabled under the Act. On May 16, 2018, the Appeals Council denied review. Gant-Holmes timely filed for judicial review of the final decision on July 9, 2018.

Dkt. No. 16, p. 2 (Pg. ID 612) (internal citations omitted).

### III. LEGAL STANDARD

"The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g)." *Sparrow v. Comm'r of Soc. Sec.*, 2016 WL 1658305, at *1 (E.D. Mich. Mar. 30, 2016). "The district court's review is restricted solely to determining whether the 'Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.'" *Id.* (quoting *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014)). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ." *Id.* "The Court will not 'try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.'" *Id.* (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "If the Commissioner's decision is supported by substantial evidence, 'it must be affirmed

even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.'" *Id.* (quoting *Cutlip*, 25 F.3d at 286).

## IV. DISCUSSION

Magistrate Judge Grand affirmed the decision of the ALJ below, who found that Plaintiff had the residual functional capacity ("RFC")¹ to perform light work with certain limitations, and therefore, was not disabled, as defined by the Social Security Act. Plaintiff argues that Magistrate Judge Grand erred in his ruling because the ALJ's findings were not supported by substantial evidence. Specifically, that the ALJ was required to obtain a medical opinion regarding Plaintiff's physical impairments to guide the RFC determination. The Court will disagree and hold that the ALJ's decision was in fact supported by substantial evidence.

Although Plaintiff's position does have some support amongst district courts within this circuit,² the Sixth Circuit, in two recent unpublished opinions, explicitly

---

¹ RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. *See* Social Security Ruling 96-8p.

² *See, e.g.*, *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 828 (E.D. Mich. 2017) (An ALJ "must generally obtain a medical expert opinion when formulating the RFC unless the medical evidence shows relatively little physical impairment such that the ALJ can permissibly render a commonsense judgment about functional capacity.") (internal quotations and citations omitted); *McGranahan v.*

rejected the notion that an ALJ's RFC determination must be supported by a medical opinion. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ."); *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442-43 (6th Cir. 2017) ("[T]o require the ALJ to base her RFC on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability."); *see also Sparrow*, 2016 WL 1658305, at *7 ("[T]he Commissioner is not obligated to base th[e] RFC upon a physician's RFC, or upon any particular piece of evidence."). In line with these decisions, some courts within this district have already moved away from the brighline approach that Plaintiff advocates for here, signaling a change in the legal landscape. *See, e.g.*, *Williams v. Berryhill*, 2019 WL 1274821 (E.D. Mich. Mar. 20, 2019) ("[W]hile it is the rare case in which the ALJ can formulate a residual functional capacity assessment without relying, at least in part, on an assessment by a medical

---

*Colvin*, 2015 WL 5828098, at *3 (E.D. Ky. Oct. 1, 2015) ("As a practical matter, the ALJ is not qualified to assess the Plaintiff's RFC on the basis of bare medical findings, and an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence."); *Dillman v. Comm'r of Soc. Sec.*, 990 F. Supp. 2d 787,795 (S.D. Ohio 2013) ("As ALJs are not qualified to interpret raw medical data, a RFC determination must be supported by medical opinions in the record.").

professional, those cases do exist."); *Charbonneau v. Comm'r of Soc. Sec.*, 2019 WL 960192, at * (E.D. Mich. Jan. 11, 2019) ("I do not find any brightline rule that medical opinions must be the building blocks of the RFC. . . . [H]owever, the ALJ remains obligated to make a logical bridge between the evidence relied on and the conclusion reached.") (internal quotations omitted); *Davis v. Comm'r of Soc. Sec. Admin.*, 2019 WL 2051899, at *6 (E.D. Mich. Feb. 19, 2019) ("Plaintiff's argument that the ALJ erred because he 'did not rely on any physician's opinion in formulating his RFC' has been squarely rejected by the Sixth Circuit.").

In the end, "the ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). The ALJ "need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Davis*, 2019 WL 2051899, at *5 (quoting *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002)); *see Charbonneau*, 2019 WL 960192, at *16 ("Nowhere do the statutes or regulations mandate that ALJs obtain medical opinion evidence before devising the RFC."). The ALJ complied with those requirements here.

The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to produce symptoms such as the chronic back pain

that she complains of, Plaintiff's "statements concerning the intensity, persistence and limiting effect of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." *See* Dkt. No. 10-2, p. 22 (Pg. ID 68). Namely, the ALJ emphasized: "Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by one of her treating doctors. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor." *Id.* at p. 24 (Pg. ID 70); *see Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015) (suggesting that an ALJ, as a matter of law, does not need to seek out a physician's medical opinion for an RFC determination where one is not offered). Tellingly, Plaintiff has not offered any evidence to rebut the ALJ's conclusion. *See Davis*, 2019 WL 2051899, at *5 ("It must be borne in mind that Plaintiff bears the burden of proof at Steps 1-4, including proving her RFC.").

The ALJ also highlighted several other inconsistencies in the record. For example, the ALJ noted that although Plaintiff alleges her disability began in July 2013, she did not report any back pain to a treating physician until mid-July 2014; and even then, she informed the physician that the pain had only begun one week prior. *See id.* at p. 22 (Pg. ID 68). Moreover, the ALJ pointed out several instances where Plaintiff was referred either to physical therapy or a pain clinic,

and she chose not to follow through. *See id.* at pp. 22-23 (Pg. ID 68-69). Based on her somewhat laxed approach to treatment, the ALJ had reason to cast further doubt on Plaintiff's credibility.

The ALJ ultimately concluded that Plaintiff could perform light work with the following restrictions: "she can perform simple, routine, and repetitive work instructions; she can have no exposure to moving machinery or unprotected heights, and she can occasionally bend, turn, crouch, stoop, climb, crawl, and kneel; [and] she cannot walk more than two city blocks at any given time." *Id.* at p. 21 (Pg. ID 67). The Court finds that the ALJ's RFC finding was supported by substantial evidence. The ALJ articulated how the evidence in the record supported the RFC determination, discussed Plaintiff's ability to preform sustained work-related activities, and resolved any inconsistencies in the record. More importantly, Plaintiff has failed to suggest what additional limitations the ALJ should have included in the RFC assessment, or identify any evidence that would compel greater limitations than those prescribed. Accordingly, the Court will Overrule Plaintiff's Objection.

## V. CONCLUSION

For the reasons stated herein, the Court will Overrule Plaintiff's Objection [#17] to Magistrate Judge Grand's Report and Recommendation. Upon review, the Court finds that the Magistrate reached the correct decision. Accordingly, the

Court will ACCEPT and ADOPT the Report and Recommendation as this Court's findings of fact and conclusions of law [#16], GRANT Defendant's Motion for Summary Judgment [#14], and DENY Plaintiff's Motion for Summary Judgment [#12].

    IT IS SO ORDERED.

Dated:    July 22, 2019

                                      s/Gershwin A. Drain
                                      HON. GERSHWIN A. DRAIN
                                      United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 22, 2019, by electronic and/or ordinary mail.

                                      s/Teresa McGovern
                                      Case Manager